```
                DISTRICT COURT OF THE VIRGIN ISLANDS
                  DIVISION OF ST. THOMAS AND ST. JOHN

MARK EDWARD CAMPION as           )
ADMINISTRATOR of the ESTATE OF   )
SANDRA LYNNE BROWN and as an     )
individual,                      )
                                 )   Civil No. 2013-78
            Plaintiff,           )
                                 )
            v.                   )
                                 )
DR. LUIS O. AMARO, DR. ELIZABETH )
BAROT, and the GOVERNMENT OF THE )
VIRGIN ISALNDS through the       )
SCHNEIDER REGIONAL MEDICAL       )
CENTER,                          )
                                 )
            Defendants.          )
```

**ATTORNEYS:**
**Lee J. Rohn, Esq.**
St. Thomas, VI
    *For the plaintiff,*

**James L. Hymes, III, Esq.**
Law Offices of James Hymes III, P.C.
St. Thomas, VI
    *For the defendants.*

<u>ORDER</u>

Before the Court is the settlement agreement between the parties in this matter.

I.   <u>FACTUAL AND PROCEDURAL HISTORY</u>

On November 15, 2011, Mark Campion ("Campion") filed the above-captioned negligence action against Dr. Luis Amaro ("Dr. Amaro"), Dr. Elizabeth Benot ("Dr. Benot") and the Government of the Virgin Islands through the Schneider Regional Medical Center

*Campion v. Amaro, et al.*
Civil No. 2013-78
Memorandum Opinion
Page 2

("the Virgin Islands"). A mediation conference was held on June 30, 2014. The mediator reported thereafter that all parties attended mediation and that the conflict was completely resolved. (ECF No. 126.) The mediator indicated that the parties would submit a stipulation of dismissal.

On June 30, 2014, Campion, Dr. Amaro, Dr. Benot, and the Virgin Islands signed a settlement agreement. That agreement has been submitted to the Court under seal. No stipulation of dismissal was filed.

## II. DISCUSSION

In the Third Circuit, "[a]n agreement to settle a law suit, voluntarily entered into, is binding upon the parties, whether or not made in the presence of the court, and even in the absence of a writing." *Green v. John H. Lewis & Co.*, 436 F.2d 389, 390 (3d Cir. 1970); *see also Beazer East, Inc. v. Mead Corp.*, 412 F.3d 429, 436 (3d Cir. 2005). "Settlement agreements are encouraged as a matter of public policy because they promote the amicable resolution of disputes and lighten the increasing load of litigation faced by courts." *D.R. by M.R. v. East Brunswick Bd. of Educ.*, 109 F.3d 896, 901 (3d Cir. 1997). In the Virgin Islands, counsel may enter into a settlement agreement on his client's behalf when he has actual or apparent authority to

do so. *See Edwards v. Born, Inc.*, 792 F.2d 387, 389-90 (3d Cir. 1986).

The construction and enforcement of settlement agreements are governed by principles of local law applicable to contracts generally. *See, e.g., Vargo v. Mangus*, 94 F. App'x 941, 943 (3d Cir. 2004); *New York State Electric & Gas Corp. v. Federal Energy Regulatory Commission*, 875 F.2d 43, 45 (3d Cir. 1989); *Christian v. All Persons Claiming any Right, Title or Interest in Newfound Bay*, 139 F. Supp. 2d 679, 685 (D.V.I. 2001).

The essential prerequisites for the creation of a valid contract are "a bargain in which there is a manifestation of mutual assent to the exchange and a consideration." *Univ. of the V.I. v. Petersen-Springer*, 232 F. Supp. 2d 462, 469 (D.V.I. App. Div.2002). "'Consideration' requires a performance or a return promise that has been bargained for. Where there is no mutual assent, or no meeting of the minds, there is no contract." *Nicholas v. Wyndham Int'l, Inc.*, Civ. 2001-147, 2007 WL 4811566 (D.V.I. Nov. 20, 2007)(internal citations omitted).

### III. <u>ANALYSIS</u>

"The parties' own recitation on the record of the essential terms of the settlement agreement evidences the parties' meeting of the minds and mutual assent to those terms." *Nicholas*, 2007 WL 4811566, at *3 (citing to *Sheet Workers Int'l*

Campion v. Amaro, et al.
Civil No. 2013-78
Memorandum Opinion
Page 4

*Assoc. Local 27 v. New Brunswick Gen. Sheet Metal Works*, 67 F. App'x at 160; *Tracy v. Kimberly-Clark Corp*., 74 F. App'x 44, 47 (Fed. Cir. 2003); *MIF Realty L.P. v. Rochester Assocs.*, 92 F.3d 752, 756 (8th Cir. 1996)).

In *Nicholas v. Wyndham Int'l, Inc.*, following protracted efforts at settlement, the parties informed the Court that they had reached an agreement. *Nicholas*, 2007 WL 4811566, at *1. Thereafter, the parties recited the settlement agreement's essential terms on the record. *Id.* On the record, counsel for the parties agreed that the defendants would pay a sum certain to the plaintiffs in exchange for the plaintiffs' agreement to settle all claims in the matter against those defendants. *Id.* at *3. Subsequently, the parties disputed the terms of the agreement. *Id.* The Court held that the parties' oral recitation of the terms reflected a valid settlement agreement, despite subsequent disputes. *Nicholas*, 2007 WL 4811566, at *3. The Court entered a judgment reflecting the terms of that oral agreement. *Id.* at *8, *11.

Where the parties have actually executed a written agreement, the Court has previously held that an agreement covering all terms of the settlement is a binding contract on the parties and may be approved by the Court. *See, e.g.*, *Herman v. Bank of Nova Scotia*, Civil No. 2002-163, 2012 WL 4476656, *5–

6 (D.V.I. Sept. 28, 2012); *VF Dev. V. Greaves*, Civil No. 2009-138, 2011 WL 4500295, *4 (D.V.I. Sept. 27, 2011).

The situation presented here counsels in favor of adoption. First, there is a written agreement containing certain terms. A review of those terms establishes that the agreement as drafted was supported by consideration on both sides. *See, e.g., Channel Home Centers, Div. of Grace Retail Corp. v. Grossman*, 795 F.2d 291, 299 (3d Cir. 1986) (noting that "of course, there must be consideration on both sides ... for enforceability of a[ ] [settlement] agreement") (applying Pennsylvania law); *Nicholas*, 2007 WL 4811566, at *3; *Shernoff v. Hewlett-Packard Co.*, Civ. No. 04-4390, 2006 WL 3497798, *4 (D.N.J. Dec. 4, 2006) (". . . nor was the settlement void for lack of consideration . . . .Plaintiff and Defendant agreed to the essential terms of the settlement, namely, that Plaintiff would forego her claims against Defendant and surrender her options to purchase HP stock in return for a payment of $37,500.").

Campion represents, and the Court recognizes, that there is an ongoing dispute regarding the performance of certain terms of the settlement agreement. However, it is axiomatic that a contract dispute does not negate the existence of a valid agreement. *See Nicholas*, 2007 WL 4811566, at *4, 11 (entering judgment where the agreement on the record was clear, even

*Campion v. Amaro, et al.*
Civil No. 2013-78
Memorandum Opinion
Page 6

though some written terms of the settlement agreement remained in dispute). Where, as here, the parties have submitted an executed written document delineating the terms of the agreement, and those terms are supported by consideration, the Court may accept the agreement. *See, e.g.*, *Herman*, 2012 WL 4476656, *5-6; *Greaves*, 2011 WL 4500295, *4.

    The premises considered, the Court approves the settlement agreement. An appropriate judgment follows.

S\_____
    **Curtis V. Gómez**
    **District Judge**